IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID C. HICKS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0845-M |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner David C. Hicks, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On January 4, 2005, petitioner filed a pleading entitled "Motion for Clarification of Judgment and Commitment Order to Make Restitution" in the United States District Court for the Western District of Oklahoma.  However, he did not pay the statutory filing fee or submit an application to proceed *in forma pauperis*.  By order dated April 19, 2005, a federal judge in Oklahoma construed petitioner's pleading as an application for writ of habeas corpus and transferred the action the Northern District of Texas, the district where petitioner is currently incarcerated.  *See United States v. Hicks*, No. CR-98-47-M (W.D. Okla. Apr. 19, 2005).  This court, in turn, issued a deficiency notice directing petitioner to either pay the filing fee or submit an application to proceed *in forma pauperis* within 20 days.  *See* Order, 5/6/05.  No action was taken in response to that order.  On June 7, 2005, the court again ordered petitioner to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*.  Petitioner was warned that the "failure to comply with the Court's order

within twenty (20) days may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* Order, 6/7/05.  To date, petitioner still has not paid the statutory filing fee or sought leave to proceed *in forma pauperis.*  The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order.  FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Such a dismissal may be with or without prejudice.  *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).  A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile.  *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner has not paid the statutory filing fee or sought leave to proceed *in forma pauperis.* Until he does so, this litigation cannot proceed.  Petitioner was twice notified of this deficiency and warned that the failure to pay the filing fee or seek leave to proceed *in forma pauperis* would result in the dismissal of his case.  Both orders have been ignored.  Under these circumstances, dismissal is clearly warranted.  *See Neal v. Dretke*, 2004 WL 1873040 at *1 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 2248150 (N.D. Tex. Oct. 5, 2004) (dismissing habeas petition without prejudice for ignoring two court orders to either pay filing fee or seek leave to proceed *in forma pauperis*).

## <u>RECOMMENDATION</u>

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   July 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE